**FILED**

**DEC 16 2021**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-718 (BAH) |
| | : | |
| INDIA POWELL | : | |

## STATEMENT OF OFFENSE

The government respectfully submits the information and proffered statement of offense below in support of Defendant India Powell's plea of guilty to Count 1 of the Criminal Information (False Statement to Federal Law Enforcement, a violation of 18 U.S.C. § 1001(a)).

### I. Maximum Penalties

A violation of 18 U.S.C. § 1001(a) carries a maximum sentence of 5 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571; a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2), and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

### II. Elements of the Offense

The elements of a violation of 18 U.S.C. § 1001(a) are:

1) The defendant made a false, fictitious, or fraudulent statement;

2) That false, fictitious, or fraudulent statement was material to a matter within the jurisdiction of the executive branch of the government of the United States; and

3) The defendant acted knowingly and willfully – that is – the defendant knew the statement or representation was false, fictitious, or fraudulent.

A statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the body to which it was addressed. It is irrelevant whether the false statement

actually influenced or affected the decision-making process. The capacity to influence must be measured at the point in time the statement was made.

### III. Brief Statement of Facts

The following proffer of evidence is intended to provide the necessary factual predicate for the guilty plea in this case, rather than a complete statement of all the facts known by the parties. The government and the defendant, India Powell, agree and stipulate as follows:

In late 2018, the Federal Bureau of Investigation (FBI) and Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) began a criminal investigation into narcotics trafficking related to an individual named Omar Elbakkoush, and then later, Elbakkoush's supplier, Linwood Thorne. On December 19, 2018, agents executed a search warrant at Thorne's residence, and found over 100 pounds of marijuana, and over 40 kilograms of heroin laced with fentanyl, among other drug paraphernalia. In addition, law enforcement seized six firearms.

ATF traced three of the firearms to a second Lieutenant in the United States Army named Kofi Appiah. ATF determined that Kofi Appiah and a third party purchased multiple firearms with the intent to transfer them to Thorne, through an individual named James Hutchings Jr.

Defendant Powell was the fiancé of James Hutchings Jr. After Hutchings Jr. was arrested by law enforcement related to this firearms trafficking conspiracy, Defendant Powell came to the U.S. Attorney's Office for the District of Columbia, pursuant to grand jury subpoena. Specifically, on December 19, 2019, Defendant Powell spoke to FBI Special Agents Christopher Ray and Richard Migliara, about the events in question. Defendant Powell denied knowing anything about Hutchings's trafficking. Defendant Powell also denied knowing anything about narcotics trafficking. Finally, she denied knowing anything about Thorne, as well as any connections between Hutchings and Thorne.

2

Defendant Powell testified consistently with the above paragraph, under oath, in a grand jury empaneled to hear both federal and Superior Court cases.

Several days later, the same federal agents received a copy of Defendant Powell's cell phone download pursuant to a consent search provided by Defendant Powell. On the cell phone, agents located dozens of communications between Hutchings and Defendant Powell, including communications indicating that Defendant Powell had lied about a) her knowledge of Thorne; b) her knowledge of the relationship between Thorne and Hutchings; and c) her knowledge of Hutchings's illegal debts owed to Thorne, including information related to marijuana trafficking and possible gambling debt. In fact, the communications also showed that Defendant Powell directly communicated with Thorne and that Defendant Powell feared Thorne. Thus, Defendant Powell lied to law enforcement about a material issue – the connection between Hutchings and Thorne, and the motives that led Hutchings to transact with Thorne.

On January 29, 2020, agents returned to speak with Defendant Powell. She did so voluntarily. In a recorded interview, she admitted that she lied to agents. She explained her knowledge of Thorne, Hutchings, and the interactions between the two, as well as her understanding of the underlying debt that led Hutchings to deal with Thorne. She explained that a part of the reason she lied was because of her fear of Thorne.

MATTHEW M. GRAVES
United States Attorney

By _____

Gregory Rosen
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read the foregoing statement of offense, and I have discussed it fully with my attorney, Thomas Abbenante. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 11/22/2021

*India Powell*
India Powell
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's statement of offense related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 11/22/2021

*Thomas Abbenante*
Thomas Abbenante
Counsel for Defendant India Powell

4